Matthew H. FLEEGER, an individual, Plaintiff—Appellant,

v.

Stewart L. BELL; Desert Palace, Inc.; Scott Doyle, Defendants— Appellees,

and

Alan Buttell, Alias, Caesars Palace, Defendant.

Antranik Hindoyan, an individual, Plaintiff—Appellant,

v.

Las Vegas Hilton Casino; Stewart L. Bell, Defendants—Appellees,

and

MGM Grand Hotel & Casino, Defendant.

Arthur Cruz, Plaintiff—Appellant,

v.

Stewart L. Bell, Defendant,

and

Aztar Corporation, Defendant— Appellee.

Lloyd Clifton Lane, Plaintiff— Appellant,

v.

Stewart L. Bell; Desert Palace, Inc., Defendants,

and

MGM Grand Hotel & Casino, Defendant—Appellee.

Hadi Bahadori, Plaintiff—Appellant,

v.

Stewart L. BELL; Desert Palace, Inc.; Las Vegas Hilton Hotel & Casino, Defendants,

and

MGM Grand Hotel & Casino, Defendant—Appellee.

George Solomon, Plaintiff—Appellant,

v.

Stewart L. Bell, Defendant—Appellee,

and

Las Vegas Hilton Hotel & Casino, Defendant.

Gary Tigar, Plaintiff—Appellant,

v.

Stewart L. Bell; Sahara Hotel Casino; Tropicana Hotel & Casino, Defendants,

and

HARRAH'S LAS VEGAS, INC.; Mirage Hotel & Casino, Defendants—Appellees.

Matthew H. FLEEGER, an individual,
Plaintiff–Appellant,

v.

Stewart L. BELL; Alan Buttell, Alias,
Caesars Palace, Defendants,

and

DESERT PALACE, INC.; Scott Doyle,
Defendants–Appellees.

Nos. CV–99–01565–PMP, CV–00–00051–
PMP, CV–00–00070–PMP, CV–99–
01565–PMP–RJJ, 00–15942, 00–15944,
00–15945, 00–15958–00–15960, 00–15962,
00–16362.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 2001.

Decided Nov. 26, 2001.

Before BEEZER, TROTT and
TALLMAN, Circuit Judges.

MEMORANDUM *

Matthew Fleeger, Antranik Hindoyan,
Arthur Cruz, Lloyd Clifton Lane, Hadi
Bahadori, George Solomon and Gary Tigar
("Appellants") appeal the district court's
grant of judgment on the pleadings in
favor of Desert Palace Inc., Caesars Pal-
ace, Las Vegas Hilton Hotel & Casino,
MGM Grand Hotel & Casino, Aztar Corp.,

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

Sahara Hotel Casino, Tropicana Hotel & Casino, Harrah's Las Vegas, Inc., Mirage Hotel & Casino, Stewart L. Bell and Scott Doyle ("Appellees"). Appellants argue that the district court incorrectly applied state law when it held that a marker is a check under Nevada Revised Statute ("N.R.S.") 205.130(1). We have jurisdiction under 28 U.S.C. § 1291 and Fed. R.App. P. 4(a)(2) and we AFFIRM.[1]

Because the parties are familiar with the facts, we recite only those facts integral to our decision.

### 1. Standard of Review

We review Fed.R.Civ.P. 12(c) dismissals de novo. *See Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir.1999). A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Id.*

### 2. Markers are Checks under N.R.S. 205.130(1)

Appellants claim violations of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692, *et seq.*), the Fourteenth Amendment, 42 U.S.C. § 1983, false arrest and imprisonment and violations of Nevada State Gaming Commission Regulation 5.140. All of the claims, except the last, are inextricably intertwined with the conclusion that a marker is not a check. Subsequent to the district court's decision, the Nevada Supreme Court determined that a marker is a check under N.R.S. 205.130(1). *Nguyen v. State,* 14 P.3d 515, 518 (Nev.2000). Not only did the Nevada Supreme Court address the controlling question of state law in this case, it also noted its agreement with the district court's decision. *Id.* at 517 n. 4. Upon the Nevada Supreme Court's decision that a marker is a check, it is abundantly clear the Appellees are entitled to judgments as a matter of law.

### 3. No Private Cause of Action under Nevada Gaming Regulation 5.140

The only cause of action not inextricably intertwined with the question of whether a marker is a check is the claim for violation of Nev. Gaming Reg. 5.140, which regulates debt collection. In an attempt to maintain and regulate uniformly Nevada's gaming success, the Nevada Supreme Court has been unwilling to recognize a private cause of action under the gaming laws "absent express language to the contrary." *Sports Form, Inc. v. Leroy's Horse & Sports Place,* 108 Nev. 37, 823 P.2d 901, 903–04 (Nev.1992). Regulation 5.140 does not indicate, expressly or impliedly, any private cause of action. In fact, Nev. Gaming Reg. 5.030 states that a violation of the regulations is grounds for suspension or revocation of a license, indicating that violations are enforced through administrative channels, not private causes of action. Therefore, Appellants' gaming regulation claim was correctly dismissed because the gaming regulations provide no private cause of action.

AFFIRMED

---

1. Appellees' motion to dismiss for lack of appellate jurisdiction is DENIED.